D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NELSON TORRES,

               Plaintiff,               CASE NO.:

      v.

SALT BEACH, INC., d/b/a THE CROW'S       COMPLAINT
NEST, and SEAN MACPHERSON,

               Defendants.
-------------------------------------------------------x

      Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over Plaintiff's state law claims as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Plaintiff resides in this District and Defendants conduct business in this District.

## THE PARTIES

3. Defendant Salt Beach, Inc. is a corporation that owns and operates The Crow's Nest hotel/restaurant in Montauk, New York.

4. Defendant Sean Macpherson owns and operates The Crow's Nest hotel and restaurant.

5. Defendant Sean Macpherson has the ultimate authority to hire and/or fire employees at The Crow's Nest, determine their rates of pay, set their schedules and maintain their payroll records.

6. Upon information and belief, The Crow's Nest has an annual gross volume of sales in excess of $500,000.

7. Plaintiff is a resident of New York.

8. Plaintiff worked for Defendants as sous chef during the summers of 2015 and 2016.

## FACTS

9. Defendants committed the following alleged acts knowingly, intentionally and willfully.

10. For almost every week that Plaintiff worked for Defendants, he worked in excess of 40 hours per week.

11. For example, for the weeks ending 8/16/2015, 5/29/2016, and 7/9/2016, Plaintiff's time records reflected more than 60 hours of work.

12. Defendants paid Plaintiff a weekly salary of $1,500, irrespective of how many hours Plaintiff worked per week.

13. Defendants unlawfully failed to pay the Plaintiff any extra compensation for hours worked in excess of 40 per workweek.

14. Plaintiff's workdays sometimes lasted longer than 10 hours.

15. Defendants did not pay Plaintiff New York's "spread of hours" premium when his workday lasted longer than 10 hours.

16. Defendants failed to give Plaintiff proper notice and acknowledgement of pay rate forms, as required by New York Labor Law § 195.

## FIRST CLAIM FOR RELIEF
(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.*)

17. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

18. At all relevant times, Defendants have been, and continue to be, "employer[s]" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

19. Throughout the statute of limitations period covered by these claims, Plaintiff worked in excess of forty (40) hours per workweek.

20. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular rate, for work in excess of forty (40) hours per workweek.

21. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)

22. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

23. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

24. Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

25. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
(New York Spread of Hours Violations, N.Y. Lab. L. §§ 650 *et seq.*,
N.Y. Comp. Code R. & Regs. tit. 12, §§ 146-1.6)

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

27. Plaintiff regularly had workdays that lasted more than ten (10) hours.

28. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when his workdays lasted longer than ten (10) hours, as required by New York law.

29. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages as provided by New York law, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. Defendants did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

32. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

B. Penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 198 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       March 5, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

6